# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| HERBERT LEWIS | CIVIL ACTION NO. 3:11-cv-0562 |
|     LA. DOC # 462185 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| SHERIFF ANDY BROWN, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Herbert Lewis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 6, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Jackson Parish Corrections Center (JPCC), Jonesboro, Louisiana and he complains that he is being denied the opportunity for prison employment and that the defendants have failed to respond to his prisoner grievances. He sued Sheriff Andy Brown, Warden Billy Tigner, and Assistant Warden Ducote and requested a speedy transfer to an LDOC facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

Plaintiff is an inmate in the custody of the LDOC. He is incarcerated at JPCC. On some unspecified date he requested a job in the prison's kitchen, or any other available prison job. When his request was ignored, he submitted a grievance; however, his grievance was also ignored. Plaintiff also complained that he is locked down in the dorm all day, every day.  He seeks transfer

to an LDOC facility where he can have outdoor recreation, proper medical attention, and a prison job or educational or other rehabilitation opportunities.

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal, ___*

2

U.S. ___, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).  Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint provides a succinct but complete statement of his claims for relief. Assuming the truthfulness of his allegations of fact, it nevertheless appears that he has failed to state a claim for which relief may be granted.

### 2. Prison Job, Education and Rehabilitation Programs

Plaintiff maintains that he is denied access to a prison job or educational or  rehabilitation programs at JPCC. In so doing, he mistakenly assumes that he has a Constitutional right to educational or vocational programs, to social services, or to other unspecified rehabilitation programs.  Inmates do not a have a protected property or liberty interest in rehabilitation programs such as prison employment. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*,

3

857 F.2d 256, 257-58 (5th Cir.1988).  Nor do prisoners have a constitutional right to participate in

drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236

(1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due

process" protections).  The "state has no constitutional obligation to provide basic educational or

vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988).  Nor do

prisoners have a constitutional right to "social services." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th

Cir. 1991). Thus, plaintiff's complaint, insofar as it asserts the existence of a constitutional right to

rehabilitation or education programs, or a prison job,  fails to state a claim for which relief may be

granted.

### 3. Outdoor Recreation

Plaintiff's claim that he is denied sufficient out door recreation likewise fails to state a claim

for which relief may be granted.  With regard to this claim, plaintiff has failed to allege any physical

injury resulting from his extended "lock down." His claim is therefore barred by the provisions of

42 U.S.C. §1997e(e) which provides, "No Federal civil action may be brought by a prisoner confined

in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury."

Finally, and more to the point, prisoners have no absolute constitutional right to outdoor

recreation, so long as some form of exercise is permitted, or, the conditions of confinement, when

viewed as a whole, are not violative of the Eighth Amendment. *See Callicutt v. Panola County Jail*,

200 F.3d 816 (5th Cir. 1999)(unpublished), citing, *Jones v. Diamond*, 594 F.2d 997, 1012-13 (5th

Cir.1979); *see also Scott v. Gusman*, Civil Action No. 10-2706 (E.D.La., February 14, 2011)*,* 2011

WL 666851 (Even if a prisoner is allowed outside for only 45 minutes, twice a week, that "... is not

4

an atypical, significant deprivation in a prison setting, and it does not rise to the level of a constitutional violation. *See Argue v. Hofmeyer*, 80 Fed. App'x 427, 429 (6th Cir.2003); *Hill v. Pugh*, 75 Fed. App'x 715, 721 (10th Cir.2003); *Figueroa v. Dinitto*, 52 Fed. App'x 522, 523 (1 st Cir.2002); *Smith v. Romer*, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997); *Smith v. Beatty*, No. 95-1493, 1996 WL 166270, at *1 (7th Cir. Apr. 5, 1996). Even severe restrictions on or complete denials of outdoor recreation have been found to be constitutional. *See, e.g., Chavis v. Fairman*, No. 92-C-7490, 1994 WL 55719, at *5 (N.D.Ill. Feb. 22, 1994) ('Generally, even dramatic restrictions on outdoor exercise do not violate the Eighth Amendment (or due process, where pretrial detainees are at issue) so long as prisoners have ample opportunity to enjoy indoor activity.'), aff'd, 51 F.3d 275 (7th Cir.1995); *Rue v. Gusman*, Civ. Action No. 09-6480, 2010 WL 1930936, at *9 (E.D.La. May 11, 2010); *Broussard v. Phelps*, Civil Action No. 86-2126, 1987 WL 18153, at *3 (E.D.La. Oct. 6, 1987) (no constitutional deprivation shown where prisoner was allowed outdoor recreation only twice in a seventeen month period in light of the fact that he was allowed to leave his cell for an hour each day and cell was large enough for indoor exercise)."

### *4. Prison Grievances*

Plaintiff also implied that he was entitled to relief because the defendants failed to respond to his prison grievances.  In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights

by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam)* (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since there is no constitutionally protected right to participate in a prison grievance procedure, plaintiff's complaint fails to state a claim for which relief may be granted.

### 5. Transfer

Finally, plaintiff seeks only his speedy transfer to an LDOC facility. Plaintiff implies that he is entitled to be housed in a more salubrious environment, that is to say, a facility operated by the

6

LDOC.  Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." See La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC.  Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368

(5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).  Plaintiff's allegation to the contrary fails to state a claim for which relief may be granted.

***Recommendation***

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for requesting money damages from the LDOC, an entity that is immune from such a suit, all in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 13, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE